(No. 2655— )

M. I. Leviton, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 11, 1935.*

Jacob Goodman, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis. delivered the opinion of the court:

Claimant herein seeks to recover Three Hundred Seventy-two and 30/100 Dollars ($372.30), alleged to be the amount of damages to a Buick sedan as the result of an automobile collision on November 14, 1934. Claim was filed April 16, 1935 and it is alleged that on the day in question claimant was driving his automobile in a westerly direction on Diversey Parkway in Chicago; that one Elwing Carlson, a first-class Private in the 33rd Signal Company, Illinois National Guard, was then and there driving a State owned Chevrolet truck in a westerly direction on said highway and was driving at a speed of approximately fifteen (15) miles per hour; that claimant attempted to pass the truck but that the driver of the latter negligently, recklessly and carelessly and without giving a warning signal of any kind to indicate an intention of turning, suddenly swung and drove the truck toward the left thereby striking claimant's automobile in the center of the right rear fender; that claimant's automobile was thereby caused to collide with the curb and extensive damages resulted to the car, as set out in the bill of particulars attached to the complaint, whereby claimant was caused to expend the amount of Three Hundred Seventy-two and 30/100 Dollars ($372.30) in repairs.

Claimant recites that claim was presented to the Hon. Carlos Black, Adjutant General, and the latter denied liability, whereupon claim was filed herein.

A motion to dismiss the claim has been filed by the Attorney General on behalf of respondent for the reason that the damage, if any, is alleged to have been by reason of the negligence of the servant or agent of respondent, for which the State cannot legally be asked to respond for the reason that the State is not liable under the doctrine of *respondeat superior* for the negligence or torts of its servants.

As suggested by the Attorney General:

"The rule is universal that the State is not liable for the negligence of its agents and employees, unless there is a statute making it so liable and in this State there is no such statute, and unless a claimant can show a legal or equitable liability on the part of the State for damages sustained as a result of the negligence of its employee or agent, the court has no authority to make an award."

*Derby* vs. *State*, 7 C. C. R. 145.

Counsel for claimant in his brief upon the motion to dismiss contends that an award should be made regardless of legal liability, *on the grounds of social justice and equity.*

The position of the court upon claims so made has been repeatedly set forth in decisions to be found in Volume 8 of the Court of Claims Reports and is further stated in *Crabtree* vs. *State*, 7 C. C. R. at Page 219, where it is stated:

"Before a claimant can have an award against the State, he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point out any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one. Equity is not the court's sense of moral right; it is not the power of the court to decide a case according to the high standard of abstract right, regardless of the law. * * *

"To give this statute the construction contended for by claimant would result in giving this court power to hold the State liable for the misfeasance and malfeasance of all its officers, the torts of all its servants and agents, and all damages caused by the wrongful exercise of their powers by such officers and agents. We do not believe the Legislature intended any such radical and far-reaching change in the law when it enacted the statute creating this court."

No award could properly be made by the court under the statements contained in the complaint, and the motion by the Attorney General to dismiss is therefore allowed and the claim dismissed.